IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOIS ROGERS-WRIGHT, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION No. 02-3350 |
| NEW HANOVER AVIS RENT-A-CAR, INC., and AVIS RENT-A-CAR SYSTEM, INC., | : | |
| Defendants. | : | |

**ANSWER OF DEFENDANT NEW HANOVER AVIS RENT-A-CAR, INC.**

Defendant New Hanover Rent-A-Car, Inc. ("New Hanover"), incorrectly identified as New Hanover Avis Rent-A-Car, Inc. in the Complaint, in answer to the allegations of the Complaint says as follows:

1. New Hanover is without sufficient knowledge or information to form a belief as to the averments in this paragraph, and said averments are therefore denied.

2. Admitted.

3. New Hanover is without sufficient knowledge or information to form a belief as to the averments in this paragraph, and said averments are therefore denied.

4. It is admitted that New Hanover does business in North Carolina and in interstate commerce. The remaining allegations of paragraph 4 constitute legal conclusions or claims relating to other parties which require no response from New Hanover, and the same are therefore denied.

## **FIRST CAUSE OF ACTION**

5.      It is admitted that New Hanover operates car rental franchises in Wilmington, Greenville, New Bern, and Jacksonville, North Carolina; and in Florence, South Carolina.  It is denied that New Hanover operates a car rental franchise in Kingston [sic] (Kinston), North Carolina

6.      It is admitted that the United States District Court for the Eastern District of North Carolina issued a Consent Decree in the case of *Pugh, et al. v. Avis Rent-A-Car System, Inc., et al.* on April 17, 1998, which was confirmed by a Final Judgment and Order of Dismissal Approving Settlement Plan of Distribution and Awarding Fees and Expenses on September 16, 1998, and which was terminated by an Order Terminating Consent Decree on February 4, 2002. The remaining averments of paragraph 4 are denied.

7.  It is admitted on information and belief that Betty Frisby rented a car from an Avis location not affiliated with New Hanover in any way.  It is further admitted, on information and belief, that plaintiff was not a party to any contract between Betty Frisby and this non-affiliated Avis location, but was merely a passenger in the rented vehicle.  New Hanover is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 7, and the same are therefore denied.

8.      New Hanover is without sufficient knowledge or information to form a belief as to the allegations of paragraph 8, and the same are therefore denied.

9.      It is admitted that plaintiff and Betty Frisby appeared at New Hanover's Florence, South Carolina location late in the evening of June 24 or 25, 1998.  New Hanover is without sufficient knowledge or information to form a belief as to the remaining allegations of paragraph 9, and the same are therefore denied.

10. Denied.

11. It is admitted that New Hanover rented a vehicle in good working condition to Betty Frisby; that Nancy Blackburn, a New Hanover employee, was working at the Florence location at that time; and that Larry McElroy, the manager of the Florence location, spoke to Betty Frisby by telephone from his home on at least one occasion during this process. The remaining allegations of paragraph 11 are denied.

12. The allegations of paragraph 12 constitute legal conclusions to which no response is required. To the extent a response is deemed required, New Hanover denies that it discriminated against plaintiff in any way. To the contrary, New Hanover willingly accommodated Betty Frisby's unplanned and unexpected need for a rental vehicle after vehicles rented to her by two other, non-affiliated Avis locations proved unsatisfactory to her.

13-14. It is denied that any conduct by New Hanover could have or did cause plaintiff any pain or suffering whatsoever. New Hanover is without sufficient knowledge or information to form a belief as to the remaining allegations of paragraphs 13 and 14, and the same are therefore denied.

15. The allegations of paragraph 15 constitute legal conclusions to which no response is required. To the extent a response is deemed required, New Hanover denies that it engaged in any misconduct whatsoever, much less conduct warranting the imposition of punitive damages.

**WHEREFORE**, defendant New Hanover Rent-A-Car, Inc. denies that plaintiff is entitled to any of the relief requested in the Complaint, and respectfully requests that this Court dismiss plaintiff's Complaint with prejudice, deny all of plaintiff's requests for relief, and grant New Hanover its costs and fees as allowed by law, together with such other and further relief as the Court may deem just and proper.

## SECOND CAUSE OF ACTION

16.     New Hanover incorporates by reference its answers to the allegations set forth in paragraphs 1 through 15 as though set forth in length herein.

17-19.  The allegations of paragraphs 17, 18 and 19 constitute legal conclusions to which no response is required.  To the extent that any response is deemed required, New Hanover denies that it violated any of the plaintiff's rights as secured by the laws of the United States of America and/or of the State of North Carolina, or caused plaintiff any injury thereby.

**WHEREFORE**, defendant New Hanover Rent-A-Car, Inc. denies that plaintiff is entitled to any of the relief requested in the Complaint, and respectfully requests that this Court dismiss plaintiff's Complaint with prejudice, deny all of plaintiff's requests for relief, and grant New Hanover its costs and fees as allowed by law, together with such other and further relief as the Court may deem just and proper.

## THIRD CAUSE OF ACTION

20.     New Hanover incorporates by reference its answers to the allegations set forth in paragraphs 1 through 19 as though set forth in length herein.

21.     Denied.

22.     It is admitted that Avis was a party to the action described in paragraph 6 of the Complaint.  The remaining allegations of paragraph 21 are denied.

23-28.  It is admitted that the Avis facility located in Fayetteville, North Carolina, is an Avis-owned office and is not affiliated with or controlled by New Hanover in any way.  The remaining allegations of paragraphs 23 through 28 do not refer or relate to New Hanover, such that no response thereto is required. To the extent a response is deemed required, New Hanover

is without sufficient knowledge or information sufficient to form a belief as to the truth of those allegations, which are therefore denied.

### FOURTH CAUSE OF ACTION

29. New Hanover incorporates by reference its answers to the allegations set forth in paragraphs 1 through 28 as though set forth in length herein.

30-32. The averments of these paragraphs do not refer to New Hanover, such that no response thereto is required.

### AFFIRMATIVE DEFENSES

Defendant New Hanover Rent-A-Car, Inc. ("New Hanover") states the following affirmative defenses to the Complaint, but does not assume the burden of proof on any such defenses except as required by applicable law with respect to the particular defense asserted. New Hanover reserves the right to plead other defenses and/or to otherwise supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Consent Decree entered on April 17, 1998 and approved on September 15, 1998 in the United States District Court for the Eastern District of North Carolina in the case entitled *Pugh, et al. v. Avis Rent A Car System, Inc. and New Hanover Rent-A-Car, Inc.,* docketed at Civil Action No. 7-96-cv-91-F(2).

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state any claim upon which relief can be granted under 42 U.S.C. § 1981 or the North Carolina General Statutes

## **THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred or limited, in whole or in part, by her failure to exhaust administrative remedies.

## **FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred or limited, in whole or in part, by applicable statutes of limitation.

**WHEREFORE**, defendant New Hanover Rent-A-Car, Inc. denies that plaintiff is entitled to any of the relief requested in the Complaint, and respectfully requests that this Court dismiss plaintiff's Complaint with prejudice, deny all of plaintiff's requests for relief, and grant New Hanover its costs and fees as allowed by law, together with such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: May 31, 2002

_____
Craig D. Mills (Pa. Bar No. 81331)
Brian J. McCormick, Jr. (Pa. Bar No. 81437)
BUCHANAN INGERSOLL, P.C.
Eleven Penn Center, 14th Floor
1835 Market Street
Philadelphia, PA 19103-2985
Telephone: (215) 665-8700

Attorneys for Defendant New Hanover
Rent-A-Car, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Answer of Defendant new Hanover Rent-A-Car, Inc. has this 31st day of May, 2002, been transmitted by U.S. First Class Mail to the following attorneys of record for the parties:

Jack M. Bernard, Esquire
2121 Land Title Building
100 South Broad Street
Philadelphia, PA 19110

Bridget E. Montgomery, Esquire
Eckert Seamans Cherin & Mellott, LLC
213 Market Street, Floor 8
Harrisburg, PA 17101

Brian J. McCormick, Jr.