IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOIS ROGERS-WRIGHT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION No. 02-3350 |
| | : | |
| NEW HANOVER AVIS RENT-A-CAR, | : | |
| INC., and AVIS RENT-A-CAR SYSTEM, | : | |
| | : | |
| Defendants. | : | |

**<u>ORDER</u>**

  AND NOW, this _____ day of _____, 2002 upon consideration of defendant New Hanover Rent-A-Car, Inc.'s Motion for Judgment on the Pleadings, and any response thereto, it is hereby ORDERED that said Motion is GRANTED.

  It is further ORDERED that Counts 1 and 2 of plaintiff Lola Rogers-Wright's Complaint are hereby DISMISSED with prejudice.

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOIS ROGERS-WRIGHT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION No. 02-3350 |
| | : | |
| NEW HANOVER AVIS RENT-A-CAR, INC., and AVIS RENT-A-CAR SYSTEM, INC., | : | |
| | : | |
| Defendants. | : | |

**MOTION OF DEFENDANT NEW HANOVER RENT-A-CAR, INC.
FOR JUDGMENT ON THE PLEADINGS**

Defendant New Hanover Rent-A-Car, Inc. ("New Hanover"), by and through its undersigned counsel, respectfully moves this Court for judgment on the pleadings on Counts 1 and 2 of the Complaint pursuant to Federal Rule of Civil Procedure 12(c).

In support of this motion, New Hanover respectfully refers the Court to the attached memorandum of law, the contents of which are incorporated herein by reference.

Respectfully submitted,


Dated: June ___, 2002

_____
Craig D. Mills (Pa. Bar No. 81331)
Brian J. McCormick, Jr. (Pa. Bar No. 81437)
**BUCHANAN INGERSOLL, P.C.**
Eleven Penn Center, 14th Floor
1835 Market Street
Philadelphia, PA 19103-2985
Telephone: (215) 665-8700

Attorneys for Defendant New Hanover
Rent-A-Car, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOIS ROGERS-WRIGHT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION No. 02-3350 |
| | : | |
| NEW HANOVER AVIS RENT-A-CAR, | : | |
| INC., and AVIS RENT-A-CAR SYSTEM, | : | |
| INC., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANT NEW HANOVER RENT-A-CAR, INC.'
<u>MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

Defendant New Hanover Rent-A-Car, Inc. ("New Hanover"), by and through its undersigned counsel, respectfully submits this memorandum of law in support of its motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

I.   **INTRODUCTION**

Plaintiff initiated this action in state court in June 2001, seeking damages against New Hanover under Counts 1 and 2 of the Complaint for alleged violations of 42 U.S.C. § 1981 and North Carolina General Statutes § 75B, all arising out of conduct claimed to have occurred three years earlier, in June 1998. New Hanover, having removed the matter to this Court and filed its answer, now moves to dismiss both counts against it on several alternate grounds, each of which is equally compelling and would, without more, be grounds for dismissal.

First, plaintiff's § 1981 claim against New Hanover is barred by the applicable two-year statute of limitations for such actions, and must be dismissed as untimely. Second, plaintiff's

claim under North Carolina's anti-discrimination must fail as to New Hanover because N.C.G.S. § 75B extends only to North Carolina residents and acts of discrimination occurring in North Carolina, while plaintiff is admittedly a resident of Pennsylvania who claims that New Hanover's supposed discriminatory conduct took place in South Carolina.  Third, and perhaps most importantly, both of plaintiff's claims are barred by a 1998 Consent Decree and Final Judgment entered by the United States District Court for the Eastern District of North Carolina, which settled a class action lawsuit against defendants and released all claims against them, including plaintiff's claims.

## II.   PROCEDURAL HISTORY AND FACTS

### A.   Procedural History

Plaintiff Lola Rogers-Wright,[1] a Philadelphia resident, instituted this action on or about June 25, 2001 by filing a Writ of Summons in the Court of Common Pleas, Philadelphia County, Pennsylvania.  *See* copy of docket from Philadelphia County Court of Common Pleas, which is attached hereto as Exhibit "A."  Although the state court set trial in this matter to begin on May 13, 2002, plaintiff took no further action whatsoever on the case until May 3, 2002, or only ten days before the scheduled trial date, when it filed the instant Complaint.  (*Id*.)  Counts 1 and 2 of the Complaint purport to raise claims against New Hanover under 42 U.S.C. § 1981 and North Carolina General Statute § 75B-1 *et seq.*, while Counts 3 and 4 raise similar claims against Avis.

On May 29, 2002, New Hanover removed the Complaint to this Court based on federal question jurisdiction and diversity jurisdiction.  Defendant Avis joined in this removal.  New Hanover having since filed its Answer to plaintiff's Complaint in this Court, the pleadings are

---

[1] Plaintiff is incorrectly identified in the caption of plaintiff's complaint as "Lois Rogers-Wright."

2

now closed as to it, and the matter is ripe for judgment on the pleadings.  Accordingly, New Hanover, now moves for judgment on the pleadings as to Counts 1 and 2 of the Complaint.

      B.      **<u>Factual Background Relevant To This Motion</u>**.

On or about June 24, 1998, the plaintiff's sister-in-law, Betty Frisby ("Mrs. Frisby"), rented an automobile from an Avis rental station in Cherry Hill, New Jersey to use during a trip to visit relatives in Georgia and South Carolina.  (Complaint, ¶ 7).  The New Jersey location is not alleged to be affiliated with defendant New Hanover in any way, and is not in fact.  (Answer, ¶ 7).  Plaintiff accompanied her sister-in-law on her trip as a passenger.  (Complaint, ¶ 7).  Plaintiff is not alleged to be, and was not, a party to any contract with any defendant.  (Complaint, ¶ 7; Answer, ¶ 7).

According to the Complaint, the Avis automobile rented by Mrs. Frisby experienced mechanical difficulties near Fayetteville, North Carolina, where Mrs. Frisby exchanged it for another vehicle from an Avis dealership.  (*Id.* at ¶¶ 24-28).  Although plaintiff claims to have been subjected to discourteous treatment based upon her race at this Fayetteville location, she concedes that this location is owned by Avis, and is not operated by or affiliated with New Hanover.  (*Id.*).

The Complaint alleges that the replacement car that Mrs. Frisby obtained in Fayetteville subsequently "broke down and died" near Florence, South Carolina.  (*Id*. at ¶ 8).  Plaintiff alleges, and New Hanover admits, that New Hanover owns and operates an Avis rental station in Florence, South Carolina (the "Florence location").  (*Id*. at ¶ 5; Answer, at ¶ 5).  Plaintiff claims that Mrs. Frisby contacted an Avis representative at the Florence location to request assistance and a new automobile, but that she and Mrs. Frisby were instead stranded by the side of

3

Interstate 95 for approximately one hour before being taken to the Florence location by a South Carolina state trooper.  (Complaint, ¶¶ 9-10; Answer, ¶ 9).

After the plaintiff and Mrs. Frisby were dropped off at the Florence location, New Hanover provided Mrs. Frisby with another Avis automobile which was in good working condition.  (Complaint, ¶ 11; Answer, ¶ 11).  However, plaintiff claims that the conduct of New Hanover's customer representatives in not immediately delivering a new rental car to Mrs. Frisby after her unexpected arrival violated 42 U.S.C. § 1981 and North Carolina General Statutes § 75B-1 *et seq*.  (Complaint, ¶¶ 10-12, 17-19).  Plaintiff further alleges that she has suffered and continues to suffer "severe mental and emotional pain and suffering" as a result of New Hanover's alleged conduct, and seeks compensatory and punitive damages from New Hanover.  (*Id*. at ¶¶ 9, 13-15).

### C. The North Carolina Consent Decree

In her Complaint, plaintiff accuses New Hanover of racially discriminatory practices based in part upon a discrimination suit previously filed against New Hanover in the United States District Court for the Eastern District of North Carolina under the caption *Pugh, et al. v. Avis Rent A Car System, Inc., et al*., Civil Action No. 7-96-CV-91-F(2).  (Complaint, ¶¶ 6, 22; Answer, ¶ 6).  Although the Complaint makes specific reference to the Consent Decree, which is attached hereto as Exhibit "B," entered in that matter in April 1998, plaintiff fails to either attach that decree to her Complaint or to describe the remainder of the orders and decrees issued in the *Pugh* action.

On or about November 6, 1996, several African-Americans filed a class-action lawsuit in the United States District Court for the Eastern District of North Carolina, alleging that New

4

Hanover and Avis "engaged in a pattern or practice of discrimination on the basis of race in the treatment and/or service of customers at its car rental locations, in violation of federal civil rights laws." (*Id.* at Exhibit A, page 1). The class action plaintiffs claimed, *inter alia*, that New Hanover treated African American customers less favorably than white customers. (*Id.*). New Hanover denied, and continues to deny, the allegations. (*Id.* at 7-8). However, in the interest of resolving the lawsuit, the parties elected to enter into a settlement, which included the filing of the Consent Decree. (*Id*. at Exhibit A, page 1-2).

The Consent Decree contains the following relevant provisions:

### IV. JURISDICTION, SCOPE AND TERM OF DECREE

A. The plaintiffs and New Hanover have consented to this Consent Decree. To this end, these parties stipulate that (1) this Court has personal jurisdiction over New Hanover for purposes of this action and jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1345; (2) New Hanover's transactions with customers at its locations are governed by the requirements and prohibitions of 42 U.S.C. § 1981; and (3) the Second Amended Complaint asserts claims that, if proved, would authorize a jury or the Court to grant the monetary and other relief set forth in this Decree.

B. The provisions of the Decree shall apply as follows:

1. All provisions of this Decree, unless otherwise indicated, shall apply to New Hanover, its subsidiaries, directors, officers, employees, agents, assigns, successors in interest in the ownership and/or operation of New Hanover car rental locations, and anyone acting in whole or in part under the direction of New Hanover or any of New Hanover's subsidiaries in connection with the service or treatment of customers at New Hanover car rental locations.

2. The provisions of this Consent Decree, with the exception of Section XV, shall become effective upon the date the Decree is finally approved by the Court, and shall remain in effect for five years from that date, unless the Decree is terminated earlier as provided herein. Section XV of the Decree shall become effective as provided for in timetable set forth in the Order granting preliminary approval to the Decree, and as specified in the December 22, 1997 Avis Settlement Agreement. . . .

* * * * *

## V.     EFFECT OF DECREE -- RELEASE

The negotiation of this Consent Decree has been undertaken by the plaintiffs and New Hanover for the purpose of settling the claims of the plaintiffs and members of the Settlement Class brought against New Hanover.  Upon final approval of the Consent Decree by the Court and payment in accordance with its terms, New Hanover, its officers, employees, agents, and counsel, and plaintiffs and their counsel, fully release and forever discharge each other from any and all claims, demands, charges, complaints, rights and causes of action of any kind, known or unknown, by the plaintiffs, or members of the Settlement Class who do not timely request exclusion from the Class, and by New Hanover, its officers, employees, agents, and counsel, that arise out of or are related to the incidents of discrimination alleged in the Second Amended Complaint within the Class Period.  *This Consent Decree fully settles the allegations of discrimination that have been, could have been, or in the future might be claimed or asserted against New Hanover in this case by the plaintiffs and/or members of the Settlement Class based on, arising out of, relating to, or in connection with any of the allegations, facts, or circumstances asserted in the Second Amended Complaint within the Class Period.*

\* \* \* \* \*

## VIII.     SETTLEMENT CLASS

New Hanover and plaintiffs agree and stipulate to the Settlement Class defined below under Rules 23(a), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure.  By stipulating to this Settlement Class, New Hanover does not admit that the allegations contained in plaintiffs' Second Amended Complaint are true.

*The Settlement Class is defined as every African-American who, between June 1, 1988 and the effective date of this Consent Decree, has attempted to contract, or has contracted, with New Hanover's Avis franchises in Wilmington, North Carolina; Jacksonville, North Carolina; Greenville, North Carolina; New Bern, North Carolina; Kinston, North Carolina; or Florence, South Carolina for rental vehicles and who, as alleged in the Second Amended Complaint, was subjected to racially discriminatory practices or provided services in a discriminatory manner, on the basis of race or color.*

Exhibit "B," at 4-7, 8 (emphasis added).

On September 16, 1998, the North Carolina court entered Final Judgment and Order of Dismissal Approving Settlement and Plan of Distribution and Awarding Fees and Expenses (the "Final Judgment") in the *Pugh* case.  A copy of the Final Judgment is attached hereto as Exhibit

6

"C." The Final Judgment states, in relevant part, that:

> IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:
> 1.     This case is appropriate for class settlement and therefore the Class conditionally certified in this Court's Order of April 24, 1998 is hereby finally certified for purposes of settlement.  The settlements contained in the Settlement Agreement between Avis and plaintiffs filed in this action and dated as of December 22, 1997 (the "Avis Settlement Agreement") and in the Consent Decree filed in this action and dated as of April 17, 1998 (the "New Hanover Consent Decree") are fair, reasonable and adequate, and the same are herby approved, and the parties thereto are hereby directed to consummate the terms and provisions of the Avis Settlement Agreement and the New Hanover Consent Decree in accordance with their terms.
>
> \* \* \* \* \*
>
> 3.     *The named plaintiffs in the Action and all other members of the Class and any of their present or former trustees, heirs, executors, administrators, successors and assigns, and any persons on their behalf (collectively "Releasors") are hereby deemed to have released Avis and New Hanover. . . . (collectively "Releasees") from, and are herby barred and permanently enjoined from asserting against the releasees, any and all claims or causes of action of every nature and description, whether class, individual or derivative, in law or equity, known or unknown, suspected or unsuspected, which have or could have been asserted in this Action against the Releasees by the releasors or arise out of matters relating to discrimination in any transaction, attempted transaction, or interaction with New Hanover or its owners, shareholders, principals, agents or employees that occurred prior to the date of this Final Judgment and Order of Dismissal. . . .*

*Id.* at 1-3 (emphasis added).

In January 2002, the North Carolina federal court terminated the conditions of the 1998 Consent Decree based upon the "exemplary compliance by New Hanover with the terms, provisions and purposes of the [Consent] Decree," holding that  "immediate termination" of the Consent Decree was appropriate.  A copy of the February 4, 2002, Order Terminating Consent Degree is attached hereto as Exhibit "D."

7

### III.  ARGUMENT

####   A.  The Standard for Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay the trial." Fed.R.Civ.P. 12(c).  Motions for judgment on the pleadings under Rule 12(c) are treated similarly to motions to dismiss filed pursuant to Rule 12(b)(6); that is, the Court may grant judgment on the pleadings where the moving party establishes that there is no dispute as to material facts and that it is entitled to a judgment as a matter of law.  *See Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290-91 (3d Cir. 1988); *Institute for Scientific Information, Inc. v. Gordon and Breach*, 743 F. Supp. 369, 373 (E.D. Pa. 1990); *Kilvitis v. County of Luzerne*, 52 F.Supp.2d 403, 406 (M.D. Pa. 1999).  In considering the motion, the court must "view the facts presented in the pleadings and the inferences to be drawn therefrom in a light most favorable to the nonmoving party." *Jablonski,* 863 F.2d at 290-91.  *See also Regalbuto v. City of Philadelphia*, 937 F. Supp. 374, 376 (E.D. Pa. 1995) (citations omitted).

A motion pursuant to Rule 12(c) is particularly "of value when the statute of limitations provides an effective bar against [a] plaintiff's claims and the entire controversy may be disposed of by a pretrial summary motion."  5A WRIGHT AND MILLER, FEDERAL PRACTICE AND PROCEDURE § 1367, at 511 (2d ed.); *see Haddock v. Christos*, 866 F. Supp. 170, 173 (M.D. Pa. 1994) (dismissing plaintiff's false arrest claim when it was "clear that plaintiff's cause of action occurred more than two years before [the] action was filed"); *West v. Williamsport Area Community College*, 492 F. Supp. 90, 93 and n.3 (M.D. Pa. 1980) (civil rights claims dismissed pursuant to defendant's motion for judgment on the pleadings where they were brought after applicable statute of limitations).

Finally, in ruling on a Rule 12 motion, the Court may look not only to the facts alleged in the pleadings, but also to documents "integral to or explicitly relied upon" in, or appended to, the pleadings without converting the motion to one for summary judgment. *See Churchill v. Star Enterprises*, 3 F.Supp.2d 625, 627 (E.D. Pa. 1998), *aff'd*, 183 F.3d 184 (3d Cir. 1999) (district court properly relied on pleadings and final judgment in previous, related case to grant defendant's motion for judgment on the pleadings). *See also In re Burlington Coat Factory*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citations omitted) (in deciding a Rule 12(b) motion to dismiss, court considered authentic public records referred to in plaintiff's complaint). In addition, when the plaintiff fails to attach a pertinent document to its complaint, the defendant can attach that document to a motion for judgment on the pleadings. 5A FEDERAL PRACTICE AND PROCEDURE § 1371, at 605 (Supp. 2002). Thus, the Court may consider the additional orders from the *Pugh* matter that New Hanover has attached hereto without converting this Rule 12(c) motion to a motion for summery judgment under Rule 56, because plaintiff makes reference to some but not all of those orders in its Complaint, and failed to attach any of them thereto.

**B.    New Hanover Is Entitled To Judgment As A Matter Of Law On Plaintiff's § 1981 Claim Because Plaintiff Commenced This Action Beyond the Applicable Two-Year Limitations Period**

Because Congress did not provide a statute of limitations for actions brought pursuant to § 1981,[2] a federal court must borrow the forum state's most analogous statute of limitations period -- frequently, the period allowed for personal injury tort actions. *See Goodman v. Lukens*

---

[2] Section 1981 provides:
   All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and executions of every kind, and to no other.
42 U.S.C. § 1981.

9

*Steel Co.*, 482 U.S. 656, 660 (1987) (recognizing similarity between claim under Section 1981 and personal injury claim for purposes of determining applicable statute of limitations); *Wilson v. Garcia*, 471 U.S. 261 (1985); *Napier v. Thirty or More Unidentified Federal Agents*, 855 F.2d 1080, 1087 (3d Cir. 1988) ("the correct statute of limitations for §§ 1981 and 1983 actions is the state statute of limitations for personal injury tort actions"; §§ 1981 and 1983 claims dismissed because brought outside New Jersey's two-year limit for tortious personal injury actions); *Jordan v. SmithKline Beecham, Inc.*, 958 F. Supp. 1012, 1024 (E.D. Pa. 1997) (Buckwalter, J.) (the Pennsylvania two year statute of limitations applicable to personal injury claimss governs § 1981 claims).

The statute of limitations for personal injury tort actions in Pennsylvania is two years. 42 Pa.C.S.A. § 5524(2); *Clark v. Sears Roebuck & Co.*, 827 F. Supp. 1216, 1222 (E.D. Pa. 1993) (adopting Pennsylvania's two-year statute governing personal injury claims for § 1981 claims) (citing *Goodman*, 482 U.S. at 662).

Any claim brought outside of that two-year limitations period must be dismissed as time-barred. *See Jordan*, 958 F. Supp. at 1024 (Buckwalter, J.) (plaintiff's § 1981 claim barred because brought more than six years after alleged discrimination); *Collins v. AT&T Corp.*, No. 96-7394, 1997 WL 460167, *1 (E.D. Pa. Aug. 1, 1997); *Carter v. Westinghouse Elec. Corp.*, 703 F. Supp. 393, 377 (W.D. Pa.) (two-year limitations period applicable to § 1981 claim required dismissal of untimely claim), *aff'd*, 877 F.2d 53 (3d Cir. 1988); *accord Training Institute, Inc. v. City of Chicago*, 937 F. Supp. 743, 750-51 (N.D. Ill. 1996) (district court dismissed Section 1981 claim on a Rule 12(b) motion because it was barred by two-year statue of limitations, and alleged discriminatory act occurred four years before filing). This limitations period is not merely a procedural

technicality, but is enforced because of the undue prejudice to defendants forced to defend stale and distant claims. *See White v. SKF Aerospace, Inc*. 768 F. Supp 498, 502 (E.D. Pa. 1991) (court denied plaintiff's motion to amend second amended complaint, which had been dismissed for lack of proper service, because defendant would be prejudiced to defend a civil rights claim brought almost five years after plaintiff's claim accrued).

In a discrimination case, the limitations period begins to run on the date the alleged discriminatory acts occurred. *See Delaware State College v. Ricks*, 449 U.S. 250, 258-59 (1980); *Bailey v. Northern Ind. Public Service Co.*, 910 F.2d 406, 412 (7th Cir. 1990) (plaintiff's Section 1981 claim barred by Indiana's two-year statute of limitations and dismissed when brought out of time). Plaintiff's claim therefore accrued when she was allegedly discriminated against by the Avis and New Hanover employees on June 24 or 25, 1998. *See id.*

Specifically, the allegations of plaintiff's Complaint, as admitted in pertinent part by New Hanover or shown by court records in the state court action, show the following chronology of events:

- June 24, 1998: Mrs. Frisby rents an automobile from Avis rental location in Cherry Hill, New Jersey.
- June 24 or 25, 1998: Vehicle rented from New Jersey Avis location experiences mechanical trouble. Mrs. Frisby exchanges vehicle in Avis's Fayetteville, North Carolina location. Plaintiff allegedly subjected to rude behavior by Avis parking lot attendant.
- June 24 or 25, 1998: Vehicle rented from Avis's Fayetteville location breaks down near Florence, South Carolina.
- June 24 or 25, 1998: New Hanover employees rent Mrs. Frisby an automobile in good working condition, but allegedly fail to respond quickly enough to Mrs. Frisby's demands for a new automobile and transportation because of plaintiff's race.
- June 25, 2001: Plaintiff files a Writ of Summons in the Court of Common Pleas, Philadelphia County, Pennsylvania.

11

- May 3, 2002: Plaintiff files a Complaint in the Court of Common Pleas, Philadelphia County, Pennsylvania.

There can be no question that plaintiff's Writ of Summons and Complaint were filed more than two years after June 25, 1998. As such, plaintiff's § 1981 claim is barred by Pennsylvania's two-year statute of limitations, and must be dismissed with prejudice.

C.  **Plaintiff Lacks Standing to Sue Under N.C.G.S. § 75B**

Because North Carolina General Statutes § 75B-1 *et seq*. apply only to North Carolina residents and incidents of discrimination occurring within North Carolina, plaintiff, a Pennsylvania resident, lacks standing to sue under that statute for events that allegedly took place in *South* Carolina.

N.C.G.S. §75B provides in relevant part that "It shall be unlawful for any person doing business in the State or for the State of North Carolina: . . . (3) To refuse, fail or cease to do business *in the State* **with any other person who is domiciled or has a usual place of business in the State** or with the State when such refusal, failure, or cessation results directly or indirectly from an agreement, contract, arrangement, combination, or understanding between the person who refuses, fails or ceases to do business and any foreign government, foreign person, or international organization, and is based upon such other person's race, color, creed, religion, sex, national origin or foreign trade relationships. . . ." N.C. GEN. STAT. § 75B-2 (emphasis added). This language clearly shows that the statute only applies to North Carolina residents, and to events occurring within North Carolina.

Here, plaintiff admits that she is a Pennsylvania resident, (Complaint, ¶ 1), and thus is not a "person who is domiciled [in North Carolina] or has a usual place of business in [North Carolina]." Further, the only act of discrimination alleged against New Hanover occurred at its Florence, South Carolina offices. Although New Hanover also operated a number of North

12

Carolina Avis locations, plaintiff never claims to have had any contact with these other locations, let alone to have suffered discrimination in them.

Accordingly, plaintiff lacks standing to bring an action under N.C.G.S. § 75B-1, and Count II of the Complaint fails to state a claim against New Hanover upon which relief can be granted under that statute.

### D.     The April 1998 Consent Decree Entered in the *Pugh* Case Bars Both of Plaintiff's Claims

By operation of the Consent Decree and subsequent Final Judgment, plaintiff's claims have been released, and she is barred from pursuing her claims.

The Full Faith and Credit Clause of the United States Constitution[3] and its implementing statute[4] dictate that federal courts in the United States must recognize and give effect to valid

---

[3]    The United States Constitution provides, in pertinent part:

> Full Faith and Credit shall be given in each state to the public Acts, Records, and judicial Proceedings of every other State.

U.S. CONST. art IV, § 1.

[4]    The Full Faith and Credit Act states:

**State and Territorial statutes and judicial proceedings; full faith and credit**

> The Acts of the legislature of any State, Territory, or Possession of the United States, or copies thereof, shall be authenticated by affixing the seal of such State, Territory or Possession thereto.
> The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.
> Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

28 U.S.C. § 1738.

13

judgments rendered by other federal courts. U.S. CONST. art IV, § 1; 28 U.S.C. § 1738. *See also Williams v. Ocean Transport Lines, Inc.*, 425 F.2d 1183, 1189 (3d Cir. 1970) (federal recognition of other federal judgments is compelled by 28 U.S.C. § 1738). Enforcement of the full faith and credit clause is particularly important in regard to judgments rendered in a class action. *See Matushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 373 (1996) (holding that a class action settlement agreement releasing claims was subject to the usual application of § 1738); *In re General Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*, 134 F.3d 133, 142 (3d Cir. 1998) (federal court must respect settlement of class action in Louisiana state court).

Judgments by consent decree in discrimination cases also demand recognition in other federal courts. *See Kemp v. Birmingham News Co.*, 608 F.2d 1049 (5th Cir. 1979) (consent decree and judgment entered in a class action barred a member of the class from pursuing his own claims in another federal court action). In *Kemp*, a civil rights case, the court stated that "[i]f defendants in class action lawsuits for employment discrimination could not rely on the binding effect of consent decrees they would have no incentive to settle such cases." *Id.* at 1053; *see also Humphrey v. Tharaldson Enterprises, Inc.*, 95 F.3d 624 (7th Cir. 1996) (because plaintiff had already received a judgment against defendant for same discriminatory action in a state administrative proceeding, district court ruled that plaintiff could not seek additional relief for §§ 1981 and 1982 claims in federal court in a new action).

Further, this Court is clearly permitted to recognize and consider the Consent Decree entered in the *Pugh* case in this matter, because plaintiff refers to, and indeed relies upon, the Consent Decree and the *Pugh* matter in general in her Complaint as purported proof of New Hanover's discriminatory practices. (Complaint, ¶¶ 6, 22); *see also Kilvitis*, 52 F.Supp.2d at 416-18; *Churchill*, 3 F.Supp.2d at 627-29.

The class of plaintiff certified in *Pugh* was defined as:

> every African-American who, between June 1, 1988 and the effective date of this Consent Decree [September 16, 1998], has attempted to contract, or has contracted, with New Hanover's Avis franchises in Wilmington, North Carolina; Jacksonville, North Carolina; Greenville, North Carolina; New Bern, North Carolina; Kinston, North Carolina; or Florence, South Carolina for rental vehicles and who, as alleged in the Second Amended Complaint, was subjected to racially discriminatory practices or provided services in a discriminatory manner, on the basis of race or color.

Exhibit "B," at 8; Exhibit "C," at 2-3.

The Consent Decree and Final Judgment adjudicated all claims or potential claims of Avis and/or New Hanover customers relating to discrimination based on defendants' alleged conduct between June 1988 and September 1998, *see* Exhibit "B" at 4-6, and released "any and all claims or causes of action . . . which have or could have been asserted" against New Hanover and/or Avis during the Class Period. (Exhibit "C," at 1-3). The Complaint does not allege that plaintiff sought to be excluded or was excluded from the class of plaintiffs defined in *Pugh*, nor was she.

Rather, the pleadings demonstrate that plaintiff's claims arose on or about June 24 or 25, 1998, during the Class Period. (Complaint, ¶¶ 7-15). It is also clear that plaintiff's claims fall squarely within the broad boundaries of the claims included in the release contained in the Consent Decree and Final Judgment, in that they "arise out of matters relating to discrimination in any transaction, attempted transaction, or interaction with New Hanover or its owners, shareholders, principals, agents or employees that occurred prior to [September 16, 1998]." As such, both of plaintiff's claims are barred and permanently enjoined by the Consent Decree and Final Judgment, and must be dismissed.

15

IV.     **CONCLUSION**

The pleadings demonstrate on their face that both of plaintiff's claims against New Hanover are barred by the plain words of the Consent Decree and Final Judgment. Further, plaintiff's claims under § 1981 and N.C.G.S. § 75B are barred by the two-year statute of limitations, on the one hand, and by the fact that plaintiff is neither a North Carolina resident nor complaining of discriminatory conduct that took place in North Carolina on the other. Accordingly, Counts 1 and 2 of the Complaint must be dismissed.

                                              Respectfully submitted,

Dated: June ___, 2002

                                      _____
                                      Craig D. Mills (Pa. Bar No. 81331)
                                      Brian J. McCormick, Jr. (Pa. Bar No. 81437)
                                      **BUCHANAN INGERSOLL, P.C.**
                                      Eleven Penn Center, 14th Floor
                                      1835 Market Street
                                      Philadelphia, PA 19103-2985
                                      Telephone: (215) 665-8700

                                      Attorneys for Defendant New Hanover
                                      Rent-A-Car, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Motion for Judgment on the Pleadings has this ___ day of June, 2002, been transmitted by U.S. First Class Mail to the following attorneys of record for the parties:

Jack M. Bernard, Esquire
2121 Land Title Building
100 South Broad Street
Philadelphia, PA 19110

Bridget E. Montgomery, Esquire
Eckert Seamans Cherin & Mellott, LLC
213 Market Street, Floor 8
Harrisburg, PA 17101

_____
Brian J. McCormick, Jr.