IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOIS ROGERS-WRIGHT | : | |
| Plaintiff | : | |
| v. | : | |
| NEW HANOVER AVIS RENT-A-CAR, INC., and AVIS RENT-A-CAR SYSTEM, INC. | : | NO. 2002 CV 3350 (Buckwalter, J.) |
| Defendants | : | |

## ANSWER OF DEFENDANT AVIS RENT-A-CAR SYSTEM, INC.

Defendant Avis Rent-A-Car System, Inc. ("Avis"), by and through its counsel, Eckert Seamans Cherin & Mellott, LLC, answers the Complaint of Lois Rogers-Wright as follows:

1. Avis is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 1 and, accordingly, they are denied.

2. Admitted, upon information and belief.

3. Admitted in part and denied in part. Avis admits that it is a corporation organized under the laws of the state if Delaware. Avis denies that its principal place of business is as stated in Paragraph 3. Avis' principal place of business is now 6 Sylvan Way, Parsippany, N.J. 07054.

4. Admitted in part and denied in part. Avis admits only that it conducts business in North Carolina and in interstate commerce. The remaining allegations or Paragraph 4 state legal conclusions to which no response is required and, accordingly they are deemed denied.

252099

**FIRST CAUSE OF ACTION**

5. The allegations of Paragraph 5 concern New Hanover Rent-A-Car, Inc. ("New Hanover") and should be answered by New Hanover rather than Avis and, accordingly, they are deemed denied.

6. Admitted in part and denied in part. Avis admits that the United States District Court for the Eastern District of North Carolina issued a Consent Decree in the case of <u>Pugh, et al. v. Avis Rent-A-Car System, Inc., et al.</u> on April 17, 1998, and further avers that the Consent Decree was confirmed by a Final Judgment and Order of Dismissal Approving Settlement Plan of Distribution and Awarding Fees and Expenses on September 16, 1998. The Consent Decree was terminated by Order dated February 4, 2002. True and correct copies of the Consent Decree, Final Judgment and Order of Dismissal, and Order terminating Consent Decree are attached to this Answer as Exhibits A through C, respectively. The remaining averments of paragraph 6 state conclusions of law to which no response is required and/or concern New Hanover and should be answered by New Hanover rather than Avis and, accordingly, they are deemed denied.

7. Admitted in part and denied in part. Avis admits that Betty Frisby rented a car from an agency location in Cherry Hill, New Jersey and that, upon information and belief, Plaintiff was a passenger in the vehicle rented. The Cherry Hill location is independently owned and operates as an agency and is not an Avis corporate owned location. Avis avers that the named Plaintiff in this action was not a party to any contract between Betty Frisby and Avis and to the extent Paragraph 7 implies otherwise, it is denied. Avis is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 7 and, accordingly, they are denied.

8.	Admitted in part and denied in part.  Avis admits that Betty Frisby reported a problem with a rental vehicle and avers that Avis attempted to assist her. The remaining allegations of Paragraph 8 are denied.

9.	Admitted in part and denied in part.  Avis admits, upon information and belief, that Plaintiff and Betty Frisby went to New Hanover's Florence, South Carolina location after reporting that their rental vehicle developed a problem.  New Hanover is an independently owned and operated licensee of Avis.  Avis is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 9 and, accordingly, they are denied.

10.	The averments of Paragraph 10 concern New Hanover and should be answered by New Hanover rather than Avis and, accordingly, they are deemed denied.

11.	The averments of Paragraph 11 concern New Hanover and should be answered by New Hanover rather than Avis and, accordingly, they are deemed denied.

12.	The allegations of Paragraph 12 state conclusions of law to which no response is required, and concern New Hanover and should be answered by New Hanover rather than Avis and, accordingly, they are deemed denied.

13.	Avis is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraphs 13 concerning Plaintiff's alleged mental and emotional pain and suffering and, accordingly, they are denied.  The allegations of direct and proximate causation state conclusions to which no response is required and, accordingly, they are deemed denied.

14.	Avis is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraphs 14 concerning Plaintiff's alleged nightmares and

flashbacks and, accordingly, they are denied. The allegations of direct and proximate causation state conclusions of law to which no response is required and, accordingly, they are deemed denied.

15. The allegations of Paragraph 15 state conclusions of law to which no response is required and, accordingly, they are deemed denied.

**WHEREFORE,** Defendant Avis Rent-A-Car System, Inc. respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, deny all of Plaintiff's requests for relief, enter judgment in favor of Avis, and grant Avis its fees and costs of suit and such further relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION

16. The responses set forth in paragraphs 1 through 15, above, are incorporated by reference as if fully set forth herein.

17-19. The allegations of Paragraphs 17, 18 and 19 state conclusions of law to which no response is required and concern New Hanover and should be answered by New Hanover rather than Avis and, accordingly, they are deemed denied.

**WHEREFORE,** Defendant Avis Rent-A-Car System, Inc. respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, deny all of Plaintiff's requests for relief, enter judgment in favor of Avis, and grant Avis its fees and costs of suit and such further relief as the Court deems just and proper.

## THIRD CAUSE OF ACTION

20. The responses set forth in Paragraphs 1 through 20, above, are incorporated by reference as if fully set forth herein.

4

21. Denied. By way of further response, Avis avers that New Hanover is incorrectly identified in Paragraph 21 as a franchisee. New Hanover is an independently owned and operated licensee of Avis.

22. Admitted in part and denied in part. Avis admits that it was named as a party to the action described in Paragraph 6 of Plaintiff's Complaint. Avis denied that it tolerated alleged racially discriminatory policies at any time by New Hanover or any other licensee or agent of Avis.

23. Admitted in part and denied in part. Avis admits that the Avis facility located in Fayetteville, North Carolina, is a corporate owned Avis location not operated by New Hanover. Avis denies that Plaintiff or Mrs. Frisby was treated in a discriminatory fashion by Avis at the Fayetteville location or at any other time or place.

24. Admitted in part and denied in part. Avis admits only that Mrs. Frisby reported a problem with the passenger seat. Avis is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 24 and, accordingly, they are denied.

25. Admitted.

26. Admitted in part and denied in part. Avis admits only that Mrs. Frisby went to the Fayetteville location to obtain help with respect to a passenger seat problem. Avis is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 26 and, accordingly, they are denied.

27. Admitted in part and denied in part. Avis admits only that its employee went to check Mrs. Frisby's car at the Fayetteville location. Avis is without knowledge or information

sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 27 and, accordingly, they are denied.

28.     Denied.

**WHEREFORE,** Defendant Avis Rent-A-Car System, Inc. respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, deny all of Plaintiff's requests for relief, enter judgment in favor of Avis, and grant Avis its fees and costs of suit and such further relief as the Court deems just and proper.

### FOURTH CAUSE OF ACTION

29.     The responses set forth in Paragraphs 1 through 28, above, are incorporated by reference as if fully set forth herein

30-32.  The allegations of Paragraphs 30 through 32 state conclusions of law to which no response is required and, accordingly, they are deemed denied.

**WHEREFORE,** Defendant Avis Rent-A-Car System, Inc. respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, deny all of Plaintiff's requests for relief, enter judgment in favor of Avis, and grant Avis its fees and costs of suit and such further relief as the Court deems just and proper.

### AFFIRMATIVE DEFENSES

Defendant Avis Rent-A-Car System, Inc. ("Avis") asserts the following affirmative defenses to the Complaint, without waiving and specifically reserving the right to plead other defenses and/or to otherwise supplement this Answer upon discovery of facts or evidence warranting such supplemental response.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Consent Decree entered on April 17, 1998 and approved on September 15, 1998 in the United State District Court for the Eastern District of North Carolina in the case entitled <u>Pugh, et al. v. Avis Rent A Car System, Inc. and New Hanover Rent-A-Car, Inc</u>., docketed at Civil Action No. 7-96-CV-9f-F(2).  True and correct copies of the Consent Decree, Final Judgment and Order of Dismissal, and Order terminating Consent Decree are attached to this Answer as Exhibits A through C, respectively.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state any claim upon which relief can be granted under 42 U. S. C. § 1981, the North Carolina General Statutes, or any other federal or state law.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited, in whole or in part, by her failure to exhaust administrative remedies.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited, in whole or in part, by applicable statues of limitation.

**WHEREFORE,** Defendant Avis denies that Plaintiff is entitled to any of the relief requested in the Complaint, and respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, deny all of the Plaintiff's requests for relief, and grant Avis its costs and fees as allowed by law, together with such other and further relief as the Court may deem just and proper.

                                        Respectfully submitted,

Dated: _____        _____
                                        Bridget E. Montgomery (Pa. Bar No. 56105)
                                        ECKERT SEAMANS CHERIN & MELLOTT, LLP
                                        213 Market Street 8th Floor
                                        Harrisburg, PA  17101
                                        Telephone (717) 237-6054

                                        Attorney for Avis Rent-A-Car System, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer of Defendant Avis Rent-A-Car System, Inc. has this 13th day of June, 2002, been transmitted by U. S. First Class Mail to the following attorneys of record for the parties:

>Craig D. Mills, Esquire
>Buchanan Ingersoll, P.C.
>Eleven Penn Center
>1835 Market Street, 14th Floor
>Philadelphia, PA 19103-2985
>
>Jack M. Bernard, Esquire
>2121 Land Title Building
>100 South Broad Street
>Philadelphia, PA  19110

_____
Bridget E. Montgomery