IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


LOIS ROGERS-WRIGHT, : CIVIL ACTION
               Plaintiff, :
: NO.  02-3350
       v. :
:
NEW HANOVER RENT-A-CAR, INC. and :
AVIS RENT-A-CAR SYSTEM, :
              Defendants. :


**<u>MEMORANDUM</u>**

BUCKWALTER, J.                                                                                    July 12, 2002


      Defendant, New Hanover Rent-A-Car, Inc., has filed a motion for judgment on the pleadings which the court will grant.

      First, the complaint was filed well after the applicable statute of limitations had passed.  Her claim accrued on June 24 or 25, 1998, but she did not commence her action until June 25, 2001.  (<u>See</u> page 4 of plaintiff's memorandum of law, Docket No. 6).  The applicable statute of limitations in Pennsylvania, both parties agree, is two years.

      Plaintiff argues that nevertheless, the North or South Carolina statute of three years should apply citing two Third Circuit cases in support of the proposition that this court may toll the Pennsylvania statute of limitations application to civil rights claims where the plaintiff asserts her claims in a timely manner, but has done so in the wrong forum.  One case, <u>Lake v. Arnold</u>, 232 F.3d 360 (3d Cir. 2000), is not applicable to this case other than it notes the other

Third Circuit case, Oshiver v. Levine, et al., 38 F.3d 1380 (3d Cir. 1994) for the principle that

equitable tolling is appropriate in three scenarios:

> (1)    where the defendant actively misleads plaintiff with respect to her cause of
> action;

> (2)    where plaintiff has been prevented from asserting her claim as a result of
> extraordinary circumstances; or

> (3)    where plaintiff asserts her claim in a timely manner, but mistakenly in the
> wrong forum.

Like Lake, Oshiver does not involve an issue concerning number (3). With regard

to this specific case, there is no assertion that plaintiff filed her complaint in Pennsylvania by

mistake. And, of course, the parties agree that the first two scenarios for equitable tolling are not

involved in this case.

Secondly, the Pugh consent decree entered by the United States District Court for

the Eastern District of North Carolina bars plaintiff's claim which is based on the allegation in

her complaint that she and Mrs. Frisby were told by defendant's representative in Florence, South

Carolina that there were no cars to rent to them and that they had to go to Norfolk, Virginia or

Fayetteville, North Carolina. (See paragraph 10 of complaint).

The class in the Pugh case was defined as follows:

> The Settlement Class is defined as every African-American who, between
> June 1, 1988 and the effective date of this Consent Decree, has attempted
> to contract, or has contracted, with New Hanover's Avis franchises in
> Wilmington, North Carolina; Jacksonville, North Carolina; Greenville,
> North Carolina; New Bern, North Carolina; Kinston, North Carolina; or
> Florence, South Carolina for rental vehicles and who, as alleged in the
> Second Amended Complaint, was subjected to racially discriminatory

2

practices or provided services in a discriminatory manner, on the basis of race or color.

In order to avoid being included in this class, plaintiff states the following on page 2 of her brief:

> On June 24, 1998, Betty Frisby, plaintiff's sister-in-law, rented an Avis car at Cherry Hill, New Jersey for a trip to visit relatives in South Carolina. Plaintiff was a passenger in that car. She did not rent the car and she was not a signatory on the rental agreement, named as a co-renter or otherwise named.

Attached to the brief is the rental contract in New Jersey. But, as plaintiff goes on to say in her brief, this case is about racial harassment in North Carolina and South Carolina in June 1998. It is clear from that as well as the complaint itself that this case has nothing to do with the New Jersey contract. Instead, it has everything to do with plaintiff's efforts to contract for the lease of a car in South Carolina in June of 1998 which puts her in the settlement class which, datewise, was between June 1, 1988 and the effective date of the Consent Decree, September 15, 1998.

For substantially the reasons set forth in defendant's brief, the plaintiff lacks standing to sue under the specific North Carolina statute which applies to any person who is domiciled or has a usual place of business in North Carolina. Plaintiff does not come under either of these descriptions.

An order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


LOIS ROGERS-WRIGHT,                 :          CIVIL ACTION
                    Plaintiff,      :
                                    :          NO.  02-3350
        v.                          :
                                    :
NEW HANOVER RENT-A-CAR, INC. and    :
AVIS RENT-A-CAR SYSTEM,             :
                    Defendants.     :


## ORDER

        AND NOW, this 12th day of July, 2002, upon consideration of defendant New

Hanover Rent-A-Car, Inc.'s Motion for Judgment on the Pleadings (Docket No. 4), plaintiff's

response thereto and defendant's reply brief, it is hereby ORDERED that said Motion is

GRANTED.

        IT IS FURTHER ORDERED that Counts 1 and 2 of plaintiff Lola Rogers-

Wright's Complaint are hereby DISMISSED with prejudice.


                                    BY THE COURT:


                                    _____
                                     RONALD L. BUCKWALTER, J.